UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) INFORMATION NO. |
| | ) |
| | ) 21 U.S.C. §§ 331(a) and 333(a)(1) |
| MATTHEW RYNCARZ | ) Misbranded Drugs |
| and | ) |
| FUSION HEALTH AND | ) |
| VITALITY, LLC, | ) |
| D/B/A PHARM ORIGINS, | ) |
| | ) |
| DEFENDANTS | ) |

## PLEA AGREEMENT

Defendant Fusion Health and Vitality, LLC, d/b/a Pharm Origins ("Pharm Origins") represented by its counsel Paul Kish, and the United States of America, represented by Assistant United States Attorneys J. Thomas Clarkson and Patrick J. Schwedler have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Information, which charges Defendant with causing to be introduced and delivered for introduction into interstate commerce a drug that was misbranded within the meaning of 21 U.S.C. §352(a)(1), all in violation of 21 U.S.C. §§ 331(a) and 333(a)(1).

Defendant will provide the government written evidence, in the form of a notarized statement from the managing member of Fusion Health and Vitality,

LLC, certifying that the Defendant is authorized to plead guilty to a violation of causing the introduction and delivery for introduction of a drug into interstate commerce that was misbranded within the meaning of 21 U.S.C. § 352(a)(1), all in violation of 21 U.S.C. §§ 331(a) and 333(a)(1). The statement shall state that its designated representative is authorized to take these actions and that all corporate formalities have been observed, including, but not limited to, obtaining the required approval of the Defendant's board of directors or senior officers. The Defendant agrees to have a designated representative act on its behalf in proceedings in the present case and to appear on the Defendant's behalf to enter a plea of guilty and for the imposition of sentence.

2.   <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One are that the Defendant caused the introduction or delivery for introduction into interstate commerce of a drug that was misbranded, that is, Immune Shot Vitamin D, as alleged.

Defendant agrees that it is, in fact, guilty of this offense. Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

From around March 2020, and continuing until on or about April 8, 2020, the exact dates being unknown, Pharm Origins did cause to be introduced or cause to be delivered for introduction into interstate commerce a misbranded drug, that is, "Immune Shot," by selling and distributing this misbranded drug to consumers in

the Southern District of Georgia and outside the state of Georgia. The drug was misbranded because its website labeling made the following false or misleading claims, among others: claimed Immune Shot would lower its consumer's risks from COVID-19 by nearly 50%; stated. "The NEXT FIVE MINUTES could save your life," "We are offering you the exclusive price of only $19 per bottle because we know that Immune Shot could be the most important formula in the WORLD right now due to the new pandemic"; and "THIS could be a way to survive."

3. Possible Sentence

Defendant's guilty plea will subject it to the following maximum possible sentence: a fine of up to $200,000 (18 U.S.C. § 3571(c)(5)) or twice the gross gain or loss resulting from the offense (18 U.S.C. § 3571(d)); not more than five years of probation (18 U.S.C. § 3561(c)(2)); and a $125 special assessment (18 U.S.C. § 3013(a)(1)(B)(iii)). The Court may order the Defendant to pay restitution as agreed by the parties.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw its plea of guilty if he receives a more severe sentence than he expects.

5. Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense, including Chapter Eight of the Sentencing Guidelines, which concern the guidelines and policy statements that relate to the sentencing of organizations such as the Defendant. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.   <u>Agreements Regarding Sentencing Guidelines</u>

   a.   <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the sentence under the Sentencing Guidelines.

   b.   <u>Chapter Eight of the Sentencing Guidelines</u>

1) CALCULATION OF OFFENSE LEVEL-As shown in the Plea Agreement entered into in the parallel case of United States v. Matthew Ryncarz, the parties recommend that the offense level should be calculated by using U.S.S.G. §2N2.1. Additionally, both parties recommend that the specific offense characteristic at §2N2.1(b)((1) and the cross references found at §2N2.1(c)(1) and (2) do not apply to

this case. The parties agree to recommend that no other Chapter Three adjustment applies in this matter. Based on these agreements, the parties recommend that the Court find that the adjusted offense level is 6 in this case.

2) CALCULATION OF CORPORATE FINE- As a result of the agreements set out above in sub-paragraph 6-b-1, the the parties jointly recommend that the corporate fine provisions from §8C2.1 through §8C2.9 should not apply in this case. Instead, the parties recommend that, pursuant to §8C3.4, the Court should offset any fines imposed upon the Defendant Pharm Origins with payments made pursuant to the Plea Agreement in United States v. Matthew Ryncarz.

3) RESTITUTION The restitution agreement in paragraph 6-d of the Plea Agreement in United States v. Mattthew Ryncarz governs restitution in this matter.

7. Cooperation

    a.     Complete and Truthful Cooperation Required

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in the Information and any related offenses. Defendant shall fully and truthfully disclose its knowledge of those offenses and shall fully and truthfully answer any question put to Defendant by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person or entity. Defendant's benefits under this agreement are conditioned only on its cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.   <u>Remedial Public Notification Provision</u>

Pursuant to Section 8B1.2 of the Sentencing Guidelines, the Defendant agrees to a remedial order as a condition of probation, requiring that public notice, published on Defendant's website(s), that is reasonably designed to notify consumers of:

(1) the name and identifying information of any products sold or distributed by Defendant in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*;

(2) the Defendant's guilty plea and sentence, including links to true and correct copies of the criminal charging document, the plea agreement, and the final judgment; and

(3) links to the Food and Drug Administration website on information assisting consumers in identifying lawful products and services that are connected with the nationwide public health emergency declared on January 31, 2020 by the Secretary of the U.S. Department of Health and Human Services, under 42 U.S.C. § 247d, in response to the virus known as "SARS-CoV-2" and the disease it causes, "COVID-19" (short for the "coronavirus" disease).

The public notice provisions described above shall be accessible as a link from the landing page of the Defendants' website(s).

c.   <u>Compliance and Ethics Program</u>

In addition, the Defendant agrees that it will implement a compliance and ethics program designed to prevent the distribution of drugs that violate the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*

d.  Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8.  Financial Obligations and Agreements

a.  Special Assessment

Defendant agrees to pay a special assessment in the amount of $125, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

b.  Release of Appearance Bond

Defendant authorizes the Clerk of the United States District Court to release the funds posted as security for an appearance bond in this case to satisfy any of the financial obligations including forfeiture imposed by judgment of the Court in this case.

c.  Required Financial Disclosures

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all its assets and financial interests, whether held directly or indirectly, solely or jointly, in its name or in the name of another.

Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d. Financial Examination

Defendant will submit to an examination under oath on the issue of its financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

e. No Transfer of Assets

Defendant certifies that it has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that it will make no such transfers in the future.

f. Material Change in Circumstances

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g.  Enforcement

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations and forfeiture imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.  Waivers

a.  Waiver of Appeal

Defendant entirely waives its right to a direct appeal of its conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of its sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs its attorney not to file an appeal.

b.  Waiver of Collateral Attack

Defendant entirely waives its right to collaterally attack its conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack its conviction and sentence based on a claim of ineffective assistance of counsel.

c.  FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.  Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules, other than for representations by defense counsel to counsel for the Government prior to date when the Government sent a draft plea agreement to defense counsel. If Defendant fails to plead guilty, or its plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which it will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that its attorney has represented it faithfully, skillfully, and diligently, and it is completely satisfied with the legal advice given and the work performed by it attorney.

12. Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw its guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant

waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

|  |  |
|---|---|
|  | BOBBY L. CHRISTINE<br>UNITED STATES ATTORNEY |
| _____<br>Date | _____<br>Karl I. Knoche<br>Chief, Criminal Division |
| 7/30/2020<br>Date | J. Thomas Clarkson (PJS - by express permission)<br>J. Thomas Clarkson<br>Assistant United States Attorney |
| 7/30/2020<br>Date | _____<br>Patrick J. Schwedler<br>Assistant United States Attorney |

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

7/29/20
Date

*[signature]*

Healthy and Fusion Vitality, LLC d/b/a Pharm Origins. By and through its authorized signatory, Matthew Ryncarz

I have fully explained to Defendant all of its rights, and I have carefully reviewed each and every part of this agreement with him. I believe that it fully and completely understands it, and that its decision to enter into this agreement is an informed, intelligent, and voluntary one.

7/30/20
Date

*[signature]*

Counsel for Defendant
Paul Kish

13